JOURNAL ENTRY AND OPINION
{¶ 1} On January 22, 2001, defendant-appellant Linda Wilson ("defendant") was indicted by the Cuyahoga County Grand Jury for burglary.[1] The defendant waived a jury trial and a bench trial was conducted on July 16, 2001. The court found the appellant guilty of burglary, a third-degree felony, and on August 23, 2001, sentenced the defendant to serve two years of community control sanctions. It is from this ruling that the defendant appeals. For the reasons that follow, we affirm.
{¶ 2} The state presented the testimony of Melvin Dell who testified that on October 26, 2000, he returned home from work and his neighbor, Ernestine Smith, informed him that someone had been in his apartment. Dell occupied the downstairs of a duplex located in Cleveland, Ohio. After searching his home to identify whether any property had been taken, Dell discovered several items missing, including a vacuum cleaner, small red tool box and stereo. Dell testified that his stereo was clearly marked with his name and apartment number. Dell testified that before leaving for work that morning he locked the side door behind him, but that he was unsure whether the back door was locked. During his search of the residence he noticed that his front door was unlocked and that his back door was open by several inches.
{¶ 3} Dell reported the incident to the Cleveland Police Department and approximated the value of his unrecovered property at $200. Dell testified that he did not know the defendant and did not give her permission to enter his apartment.
{¶ 4} The state presented the further testimony of Ernestine Smith, Dell's neighbor. Smith testified that on October 26, 2000, the defendant came to her home. Smith testified that she was familiar with the defendant and that she appeared to be very drunk. The defendant inquired about the mess in "Billy's" house. Smith testified that "Billy" is the defendant's former boyfriend and the previous tenant of the apartment then occupied by Dell. Although Smith had previously informed the defendant that Billy had moved to Florida, she once again informed the defendant that Billy no longer lived in the apartment. Smith testified that the defendant admitted to having been inside the downstairs apartment but that she would not tell Smith how she entered the residence. Smith testified that she investigated the outside of Dell's residence and found the back door open and a torn window screen near the side door.
{¶ 5} The state also presented the testimony of Kathleen Phillips, Dell's upstairs neighbor and the sister of the previous tenant, William "Billy" Holly. Phillips testified that she heard a car pull into their driveway and witnessed the defendant near the back of their residence. Phillips witnessed the defendant place a vacuum cleaner, silver radio and red tool box in the hatchback of her dark colored vehicle. Phillips confronted the defendant, who denied stealing the items before leaving in her vehicle. Phillips provided the Cleveland Police with the license plate number of the vehicle operated by the defendant. Phillips testified that she investigated the premises and found the back door to be open.
{¶ 6} Dell testified that he and his brother, who also lived at the residence, were the only persons with keys to the house. Both Dell and Smith testified that Smith's son, the landlord of the property, had changed the locks after Billy moved out.
{¶ 7} The state presented the further testimony of Cleveland Police Detective Nathan Willson. Willson testified that the license plate number was traced to a brown hatchback Mustang registered to the defendant.
{¶ 8} The defendant testified on her own behalf and stated that she believed her former boyfriend had returned from Florida. The defendant admitted that she drove her brown Mustang to the residence, found the back door unlocked, and opened the door. However, the defendant testified that, after she yelled Billy's name and received no answer, she left without entering the apartment. The defendant denied taking any property from the apartment or speaking to Phillips.
{¶ 9} The defendant's sole assignment of error is as follows:
 {¶ 10} THE APPELLANT'S CONVICTIONS [sic] ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
{¶ 11} In determining if a conviction is against the manifest weight of the evidence, the appellate court reviews the record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172,485 N.E.2d 717, citing Tibbs v. Florida (1982), 457 U.S. 31,102 S.Ct. 2211. The court should consider whether the evidence is credible or incredible, reliable or unreliable, certain or uncertain, conflicting, fragmentary, whether a witness was impeached and whether a witness had an interest in testifying. State v. Mattison (1985), 23 Ohio App.3d 10,490 N.E.2d 926.
{¶ 12} Where a judgment is supported by competent and credible evidence going to all the essential elements of the case, a reviewing court will not reverse the judgment as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. Moreover, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact to decide. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus; see also, State v. Smith
(2000), 87 Ohio St.3d 424, 2000-Ohio-450, 721 N.E.2d 93.
{¶ 13} R.C. 2911.12 provides as follows:
 {¶ 14} No person, by force, stealth, or deception, shall do any of the following:
{¶ 15} * * *
 {¶ 16} (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense * * *.
{¶ 17} Applying the foregoing standard, we review the essential elements of burglary. We note that the defendant testified that she used force and opened the back door of Dell's residence, establishing the first element of burglary. Further, trespass is defined as knowingly entering the premises of another without privilege to do so. R.C.2911.21(A)(1). The defendant argues that her conviction is against the manifest weight of the evidence as there is no evidence of trespass. The defendant contends that Dell never testified that she did not have permission to enter the apartment. Contrary to this assertion, Dell did testify that he did not know the defendant and that she did not have permission to enter his home. In addition, it is uncontroverted that Dell's apartment was a furnished and occupied structure. The defendant admitted that she knew her former boyfriend had gone to Florida, thereby demonstrating her knowledge that he no longer lived in the apartment. The defendant believed that he might have returned, however, this does not grant her permission to enter the apartment.
{¶ 18} Dell testified that he was missing the same items that Phillips witnessed the defendant place in her vehicle before leaving the premises. We note that the stereo was marked for identification with Dell's name and apartment number and could not be confused by the defendant as either belonging to her or the previous tenant.
{¶ 19} After reviewing the record and evidence, considering the credibility of the witnesses, and resolving any conflicts, we do not find that the court lost its way or committed a manifest miscarriage of justice when it convicted the defendant of burglary. The defendant's sole assignment of error is overruled.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., CONCUR. ANNE L. KILBANE, J., CONCUR.
[1] R.C. 2911.12.